WO                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County Sheriff's Office, et al.,<br><br>Defendants. | No. CV 20-00158-PHX-MTL (ESW)<br><br>**ORDER** |

On January 17, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed In Forma Pauperis.

In a February 4, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint and this action. The Court dismissed Defendant FBI because a *Bivens* action is only available against federal officers, not agencies of the federal government, and dismissed Defendants Maricopa County Sheriff's Department and Public Defender's Office because they are non-jural entities. The Court dismissed Defendant Phoenix Police Department because it is a subpart of the City of Phoenix, not a separate entity for purposes of suit, and noted that even if Plaintiff had sued the City of Phoenix, he did not allege facts to support that the City of Phoenix maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and did not explain how his injuries were caused by any municipal policy or custom. The Court

dismissed Defendants Prosecutors 1-4 because Plaintiff's claim against them arose from their prosecution of a criminal case or cases against Plaintiff and they were absolutely immune from liability for damages for this conduct. The Court dismissed Defendants Ehrbright and Ward because an attorney representing a criminal defendant does not act under color of state law and dismissed Defendants Phoenix Mayor and Chief of Police because Plaintiff made no allegations against either Defendant. The Court dismissed Defendants Police Officers Ray and John Doe 1 because their comments did not constitute a constitutional violation and because, to the extent Plaintiff was claiming they deprived him of property without due process, he had an adequate post-deprivation remedy in the Arizona state courts. The Court dismissed the remaining Defendants—Defendants Allied Universal Security Company Security Guard John Doe 2, Wells Fargo Bank, Students/Teachers John Does 1-4, Student Alexis Caraffa, and Chase Field Security Alfredo Caraffa—because they were private parties, not state actors, and were not jointly engaged with state officials in the challenged action. In dismissing the Complaint without leave to amend, the Court concluded that the defects could not be corrected. The Clerk of Court entered Judgment the same day.

On March 27, 2020, Plaintiff filed a "Motion for Support of Civil Action and Re-Open Case" (Doc. 8). In his Motion, Plaintiff takes issue with the Court's dismissal of Defendants, the Complaint, and this action. He requests the Court re-open this case and "amend it to case 19-CV-05492-PHX-MTL (ESW) as new evidence has been provided by the Phoenix Police Dept."

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought

through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's Complaint, the February 4, 2020 Order, and Plaintiff's Motion. The Court finds no basis to reconsider its decision. Thus, the Court will deny Plaintiff's Motion.

**IT IS ORDERED:**

(1) Plaintiff's "Motion for Support of Civil Action and Re-Open Case" (Doc. 8) is **denied**. This case must remain **closed**.

(2) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 3rd day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge